770 A.2d 316

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Daniel TAINAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 2000.

Decided April 25, 2001.

Brian J. McMonagle, David B. Mischak, Philadelphia, for appellant.

Catherine Marshall, Tracey Rible Kavanagh, Philadelphia, for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

654

## ORDER

PER CURIAM:

**AND NOW,** this 25th day of April, 2001, the order of the Superior Court is hereby affirmed.

Justice NIGRO files a dissenting statement.

NIGRO, Justice, dissenting.

I must respectfully dissent from the majority's per curiam order affirming the Superior Court's order in this matter because I believe that when a trial judge is exposed to highly prejudicial information during or following a defendant's plea proceedings, such as the judge in the instant case was, he should not preside over a bench trial when that plea is later withdrawn.

Appellant Daniel Tainan was arrested for raping and molesting his girlfriend's twelve year-old niece. Pursuant to a plea agreement, Appellant entered a plea of *nolo contendere* to one count of rape. Sentencing was deferred pending the preparation and receipt of a Presentence Investigation Report and Mental Health Evaluation. On the day of sentencing, however, Appellant professed his innocence to the court. In light of this development, the judge concluded that he could not proceed to sentence Appellant pursuant to the plea agreement and the case was listed for trial. Approximately two months later, Appellant chose to proceed to trial before a jury but as the prospective jury panel entered the courtroom, Appellant waived his right to a jury trial and requested that the matter move to a bench trial. The trial judge then noted that he had received the presentence report originally requested for sentencing on the now withdrawn *nolo contendere* plea. Since the report indicated that Appellant had two prior convictions for rape, the judge wanted Appellant colloquied to the fact that he was aware of Appellant's entire background, including the rape convictions. Trial counsel conducted a colloquy and the matter proceeded to a bench trial.

At the conclusion of the bench trial, Appellant was found guilty of four counts of rape and a number of related offenses.

The Superior Court affirmed the judgment of sentence, with Judge Brosky dissenting, and we subsequently granted allocatur.

In his brief to this Court, Appellant claims that the trial judge should have recused himself because he was exposed to highly prejudicial and inadmissible evidence, which resulted in a tainted trial. I agree.

In my view, there should be a bright line rule requiring a trial judge to recuse him or herself from serving as the fact-finder whenever he or she is exposed to inadmissible and highly prejudicial information as a result of a plea that is later withdrawn. In the instant case, the trial judge proceeded to serve as the fact-finder even though he was aware, because of a report sent to the court for purposes of sentencing Appellant on a plea that was later withdrawn, that Appellant had twice before been convicted of rape, one of the very charges Appellant currently stood trial for before the bench. I believe exposure to such information necessarily impinges on a judge's ability to be impartial during a bench trial. As the ABA Standards Relating to the Function of the Trial Judge states "the trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case or *whenever he believes his impartiality can be reasonably questioned.*" (emphasis added). Here, I believe the judge's exposure to the prior conviction information in the presentence report clearly compromised his ability to be impartial and therefore, the judge should have recused himself from presiding over a bench trial.[1] Because this Court's per curiam order affirms the Superior Court's order holding otherwise, I must respectfully dissent.

---

1. Moreover, since a defendant is not entitled to a bench trial, the judge, instead of recusing himself, could have also insisted that the case proceed to a trial by jury. *See Commonwealth v. Tharp,* 562 Pa. 231, 754 A.2d 1251 (2000).