**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**John HARGRAVES, Appellee.**

Superior Court of Pennsylvania.

Argued May 10, 2005.

Filed Aug. 16, 2005.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Michael J. McGovern, Philadelphia, for appellee.

BEFORE: FORD ELLIOTT, JOYCE and MONTEMURO *, JJ.

OPINION BY JOYCE, J.:

¶ 1 The Commonwealth appeals the July 14, 2004 order which denied the Commonwealth's petition to transfer John Hargraves' criminal proceeding from the Municipal Court to the Court of Common Pleas so that it could exercise its right to a jury trial. We reverse.

### The facts and procedural history:

¶ 2 John Hargraves was arrested on September 8, 2003, and charged with four counts of theft, receiving stolen property, and theft by failure to make required disposition of funds. The charges alleged that Hargraves, a police officer, acquired approximately $1500.00 during four separate narcotics investigations and failed to surrender that money to the Police Evidence Custodian.

¶ 3 Because the charges are all graded as misdemeanors of the first degree, Hargraves' case was scheduled to be heard by a judge in Philadelphia's Municipal Court pursuant to 42 Pa.C.S.A. § 1123(a)(2). However, since jury trials are not held in Municipal Court, and the Commonwealth wanted to exercise its right to a jury trial guaranteed by Article 1, § 6 of the Pennsylvania Constitution, it petitioned to transfer the case to the Court of Common Pleas. The petition was denied by the Municipal Court judge on March 16, 2004, and the Commonwealth appealed that ruling to the Court of Common Pleas. The order denying the petition was affirmed on July 14, 2004, and this appeal followed

wherein the Commonwealth raises the sole issue of whether the denial of the Commonwealth's motion to transfer the case to the Court of Common Pleas violated its right to a trial by jury as guaranteed under Article 1, § 6 of the Pennsylvania Constitution. Commonwealth's brief, at 3. Since this issue is one of constitutional dimensions, our standard of review is plenary. *Pennsylvania Prison Soc. v. Commonwealth of Pennsylvania*, 565 Pa. 526, 776 A.2d 971, 977 n. 1 (2001).

### Arguments:

¶ 4 In arguing its position, the Commonwealth first notes that Hargraves' offenses carry a punishment in excess of six months. As such, Hargraves is constitutionally guaranteed to a trial by jury. It follows then that the Commonwealth is also entitled to a trial by jury, as guaranteed by Pennsylvania's Constitution, the Commonwealth contends. Since jury trials are not available to defendants in the Municipal Court, the only avenue for the Commonwealth to exercise this right is to have the proceedings transferred to the Court of Common Pleas.

¶ 5 Hargraves counters that he is not entitled to a jury trial in Municipal Court and, therefore, nor is the Commonwealth. He also opines that there exists no statutory or other authority for the Commonwealth to petition to transfer the proceedings from the Municipal Court to the Court of Common Pleas. Furthermore, Hargraves contends that the Commonwealth's ability to elect a jury trial as guaranteed by the Pennsylvania Constitution is overcome by his rights to Equal Protection and to be free from double jeopardy as afforded by the Fourteenth and Fifth Amendments to the United

---

* Retired Justice assigned to Superior Court.

States Constitution. He concludes with an allegation that the Commonwealth is engaging in judge shopping, and that to allow the Commonwealth to transfer cases from the Municipal Court to the Court of Common Pleas would result in an unnecessary burden on the orderly administration of justice.

¶ 6 The Defender's Association of Philadelphia has also submitted an *amicus curiae* brief wherein it argues that the enactment of Article 1, § 6 of the Pennsylvania Constitution violated the "single ballot" provision because two amendments were affected by a single vote.

*Discussion:*

¶ 7 In 1998, the people of this Commonwealth voted to amend Article 1, § 6 of the Pennsylvania Constitution to vest the Commonwealth with the same right to a jury trial as a defendant has. As amended, Article 1, § 6 reads:

> Trial by jury shall be as heretofore and the right thereof remains inviolate. The General Assembly may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. Furthermore, in criminal cases the Commonwealth shall have the same right to trial by jury as does the accused.

¶ 8 The obstacle to the Commonwealth's ability to exercise this right exists because in Philadelphia the Municipal Court has exclusive jurisdiction over Hargraves' case since he is charged with a misdemeanor. However, the Municipal Court does not conduct jury trials. The authority for these procedures is set forth in 42 Pa. C.S.A. § 1123 which provides:

> (a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), the Philadelphia Municipal Court shall have jurisdiction of the following matters:

> . . .

> (2) Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, including indictable offenses under Title 75 (relating to vehicles). In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the Court of Common Pleas. The judges of the municipal court exercising jurisdiction under this paragraph shall have the same jurisdiction in probation and parole arising out of sentences imposed by them as judges of the Court of Common Pleas.

42 Pa.C.S.A. § 1123.

¶ 9 The parties take opposite positions as to the meaning of this statute and its implications on the Commonwealth's right to elect a jury trial. Hargraves argues that clearly he has no right to a jury trial at the Municipal Court level, and, therefore, the Commonwealth does not either. Contrarily, the Commonwealth argues that the right to a jury trial always exists, and the mechanisms employed by Philadelphia to manage the case load do not deprive a defendant of that right. Thus, since the defendant has the right to a jury trial, albeit at a deferred time in the Court of Common Pleas, so does the Commonwealth. We agree with the Commonwealth's position.

¶ 10 The fundamental right to a jury trial was established in *Duncan v. State of Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491, 496 (1968) ("we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they

to be tried in a federal court—would come within the Sixth Amendment's guarantee"). Crimes which fall within the Sixth Amendment guarantee are those which carry a term of imprisonment of six months or greater. *Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86, 89–90 (1974). Hargraves' offenses are graded as misdemeanors of the first degree, and carry a maximum penalty of five years of incarceration. Thus, there is no question that Hargraves is constitutionally entitled to a jury trial for the crimes he is accused of committing.

¶ 11 Hargraves argues that since the Municipal Court has exclusive jurisdiction over his case, the right to a jury trial does not exist unless and until he enters the jurisdiction of the Court of Common Pleas, whether that be by virtue of an appeal from a conviction or through the processes afforded by Pa.R.Crim.P. 1001 (discussed *infra* ). Whether the right to a jury trial attaches at the first or second tier of a two tier system such as Philadelphia's was discussed in *Ludwig v. Massachusetts*, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976).

¶ 12 In *Ludwig*, the defendant was charged with a criminal violation that required him to be tried first in the "lower tier" where no jury trials were available. Ludwig filed a motion for a jury trial, which was denied. He was then convicted of the offense, and, pursuant to the procedures, filed a timely appeal to the "second tier" where he would be entitled to a trial *de novo* before a jury. Subsequently, he filed a motion to dismiss, asserting that his rights to a speedy trial and to be free from double jeopardy had been violated. The motion was dismissed, Ludwig was convict-

ed, and he filed an appeal alleging that the two tiered system deprived him of his right to a jury trial.

¶ 13 The United States Supreme Court held that the two tiered system does not deprive a defendant of his right to a jury trial. *Ludwig*, 427 U.S. at 625–626, 96 S.Ct. at 2786–2787, 49 L.Ed.2d at 738–39. The Court stated that the two tiered system *ensures* an accused charged with a serious offense the absolute right to have his guilt determined by a jury composed and operating in accordance with the Constitution. *Id.* Furthermore, the Court opined that having to wait to exercise the right at a later time in the Court of Common Pleas due to the two tiered system was not an impermissible burden upon that right. *Id.*[1]

■ ¶ 14 In light of *Duncan, Mayberry,* and *Ludwig*, it is evident that the right to a jury trial attaches at the time that a person is charged with a crime that carries with it a maximum penalty of six months or more in jail. The fact that an accused must wait to exercise this right is of no constitutional moment since the delay does not deprive the defendant of the right and is not an unconstitutional burden. *Ludwig*. Thus, while no jury trials are conducted in the Municipal Court level, the fact remains that the right to a jury trial is still guaranteed to Hargraves; he just has to proceed with requisite steps before obtaining it.

¶ 15 The same cannot be said for the Commonwealth, however. If the Commonwealth were not able to petition to transfer a case from the Municipal Court to the Court of Common Pleas, the opportunity to exercise its right to a jury trial

---

1. The Supreme Court's reasoning was partly premised on the fact that in Massachusetts, a defendant has the option of expediting matters in order to obtain his jury trial. Defen-

dants in Philadelphia also have a similar mechanism available to them to expedite matters. *See* Pa.R.Crim.P. 1001, *infra.*

may be forever lost in one of two ways. First, if the defendant is convicted in the Municipal Court and does not appeal the conviction to the Court of Common Pleas, the Commonwealth will be denied its right to a jury trial because the double jeopardy clause would prohibit retrial. Second, if the defendant is acquitted in the Municipal Court, the protections of the double jeopardy clause would likewise prohibit the Commonwealth from then seeking a jury trial in the Court of Common Pleas. Thus, as it currently exists, there is no method by which the Commonwealth can opt for a jury trial when a defendant is charged with misdemeanor offenses that § 1123(a)(2) mandates proceed through Municipal Court.

■ ¶ 16 The two tiered system is constitutional as to a defendant because it ensures the defendant a jury trial in the Court of Common Pleas and also because it allows a defendant an avenue by which he can bypass the Municipal Court and exercise his right to a jury trial in the Court of Common Pleas.[2] Similarly, Hargraves also has the option of petitioning to bypass the Municipal Court via the provisions in Pa.R.Crim.P. 1001. This procedural rule provides, in pertinent part, that:

(C) A case may be transferred from the Municipal Court to the Court of Common Pleas by order of the President Judge of the Court of Common Pleas, or the President Judge's designee, upon the President Judge's approval of:

(1) a certification by defense counsel that trial in the Municipal Court will unduly delay defendant's access to a trial by jury; or

(2) a certification by both defense counsel and the attorney for the Commonwealth that the trial of the case will be so time consuming as to unduly disrupt the business of the Municipal Court.

Pa.R.Crim.P. 1001. Hargraves argues that this rule is the only method of transferring a case to the Court of Common Pleas, and that the Commonwealth did not meet its burden in satisfying its requirements, and it does not confer any authority for the Commonwealth to petition to transfer the case.

■ ¶ 17 It is true that Rule 1001 only details how a defendant can petition to have the case transferred to the Court of Common Pleas, but makes no similar provision for the Commonwealth. We find this deficiency to be of no moment, however, since this procedural rule cannot usurp the Commonwealth's constitutional right. *See Commonwealth v. White,* 818 A.2d 555 (Pa.Super.2003), *appeal granted,* 577 Pa. 316, 845 A.2d 199 (2004) ("where the Commonwealth seeks to assert its right to a jury trial, a criminal defendant facing murder charges simply may not invoke Rule 590(c)" resulting in a deprivation of the Commonwealth's right to a jury trial). *See also Commonwealth v. Tharp,* 562 Pa. 231, 754 A.2d 1251, 1254–1255 (2000) (Constitutional amendment affording the Commonwealth the right to a trial by jury is "self-executing and immediately effective" without the aid of legislation notwithstanding

---

**2.** The constitutionality of the two tiered system has been adjudicated in relation to a *defendant's* right to a jury trial. An examination of the two tiered system as it pertains to the Commonwealth's right to a jury trial has never been conducted. It appears that the two tiered system can only be constitutional if the Commonwealth has some avenue of obtaining a jury trial for misdemeanor offenses.

Absent a rule of procedure promulgating this avenue, the alternative is a petition to transfer the case to the Court of Common Pleas. However, as the constitutionality of the two tiered system as it relates to the Commonwealth's right to a jury trial has not specifically been raised, that question remains for another day.

the nonrevision of procedural rules enacted before Article 1, § 6 was amended in 1998). Thus, we find that in the absence of a rule of procedure allowing the Commonwealth to exercise its right to a jury trial in this matter, the proper method of effectuating its right was to petition the court to transfer the case to the Court of Common Pleas. The absence of a procedural rule cannot be the basis for denying the Commonwealth its constitutional guarantee to a trial by jury.

■ ¶ 18 Hargraves also argues that the Commonwealth should not be allowed to petition the court to transfer his case to the Court of Common Pleas because it affords the Commonwealth a "greater" right than that which belongs to Hargraves. He contends that "[g]ranting the Commonwealth a greater right to a jury trial than the defendant would contravene the intent of the federal Constitution and the purpose of a right to a trial by jury which are [sic] to protect the defendants from unfair prosecution." Hargraves' brief, at 15. As we have already espoused, any defendant is entitled to a jury trial when charged with an offense punishable by six months or more in prison. Consequently, the Commonwealth is entitled to a jury trial under those circumstances, too. Our decision today does not afford the Commonwealth a right "greater" than Hargraves, it merely allows the Commonwealth the opportunity to exercise that right *earlier* than a person charged with misdemeanors in Philadelphia normally is

able to do (unless, of course, the defendant meets his burden of proof under Pa. R.Crim.P. 1001). This is hardly an unusual occurrence in a criminal justice system that must heed to the mandates of the double jeopardy clause. For example, while both the Commonwealth and a defendant are entitled to appeal a ruling on a suppression motion, the Commonwealth must be allowed to do so before the commencement of a trial instead of waiting until after verdict as is required of a defendant. Otherwise, the right to appeal the ruling would be extinguished by the double jeopardy clause. This rationale equally applies to the case *sub judice* since once tried in the Municipal Court, the Commonwealth's right to a jury trial is likely to be forever lost because the defendant could be acquitted at the Municipal Court level, or if convicted, elect to accept that result. In either instance, the double jeopardy clause would make it impossible for the Commonwealth to obtain a trial before a jury.[3]

¶ 19 Hargraves also argues that the Commonwealth's petition to transfer is premised on its desire to forum shop. He opines that the Commonwealth hopes for a "more favorable decision from a jury rather than a judge" and to allow such maneuvering would "encourage this type of prosecutorial overreaching and ultimately erode the constitutional protections provided to defendants in criminal cases." Hargraves' brief, at 16. The merit to this position is best summarized by the United States Supreme Court which stated:

**3.** Interestingly, the trial court cites the double jeopardy clause as "the most crucial argument" for denying the Commonwealth's petition to transfer the case to the Court of Common Pleas. Trial Court Opinion, at 11/30/04, at 4. The court reasons that "since the Defendant has a right to appeal a Municipal Court conviction to the Court of Common Pleas for a trial *de novo,* the Commonwealth argues that they should also be entitled to the

reciprocal right. If the Commonwealth was allowed to appeal an unfavorable Municipal Court decision, this would violate the doctrine of Double Jeopardy in Pennsylvania." *Id.* This analysis seemingly misunderstands the Commonwealth's position, and, as discussed *supra,* the double jeopardy clause is one of the strongest arguments as to why the petition should have been granted.

In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.

*Singer v. United States,* 380 U.S. 24, 36, 85 S.Ct. 783, 790, 13 L.Ed.2d 630, 638 (1965).

¶ 20 With these words in mind, the absurdity of Hargraves' argument becomes apparent. When the Commonwealth opts for a jury trial, a defendant loses nothing. Instead, he gains the ability to have his case adjudicated by an impartial panel of his peers, one of the most cherished of fundamental guarantees in our criminal justice system. Thus, we do not agree that the Commonwealth should be denied a transfer of Hargraves' case to the Court of Common Pleas based on his specious contention that the Commonwealth is forum shopping and that he is somehow prejudiced by having a jury decide his fate as opposed to a judge.

¶ 21 Next, Hargraves argues that the petition was properly denied on the basis that transferring the case would impose unnecessary burdens on the administration of justice in Philadelphia. The Commonwealth responds that this is an extreme view given the fact that since the constitutional amendment was enacted in 1998, this is the first instance where it has sought to implement the right. Indeed, there is no evidence of record to support Hargraves' proposition. More importantly, however, is the fact that "administrative burdens," whether real or not, have no place in a decision to deny a constitutional right.

¶ 22 Lastly, Hargraves maintains that transferring the case to the Court of Common Pleas would violate his constitutional right to equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. He opines that "as a citizen of Philadelphia charged with misdemeanor offenses, [he] is a member of a class of people that is statutorily entitled to a non-jury trial in the Municipal Court prior to opting to assert his right to a jury trial if found guilty at the Municipal Court level." Hargraves' brief, at 25. He further argues that as a member of that class, he is entitled to a trial at the Municipal Court and to deny him that would result in disparate treatment. Finally, he contends that the Commonwealth has no reason for transferring his case that is rationally related to a legitimate government interest.

¶ 23 "The right to equal protection of the law under the Fourteenth Amendment guarantees that all persons similarly situated shall be treated alike." *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172, 1177–1178 (1986). In analyzing allegations of equal protection violations, a court "look[s], in essence, to three things: the character of the classification in question; **the individual interest affected by the classification;** and the governmental interests asserted in support of the classification." *Commonwealth v. Trill,* 374 Pa.Super. 549, 543 A.2d 1106, 1123 (1988) citing *Dunn v. Blumstein,* 405 U.S. 330, 335, 92 S.Ct. 995, 999, 31 L.Ed.2d 274, 280 (1974) (emphasis added).

¶ 24 Hargraves asserts that he is a member of a class of citizens who, when

charged with misdemeanor offenses, are entitled to a non-jury trial in the Municipal Court. Assuming for the moment that Hargraves does in fact belong to a class, the question becomes whether he has a right or interest as a member of that class that is being affected by the alleged disparate treatment. The answer to the question has already been provided: a defendant has no constitutional right to a non-jury trial. *Singer v. United States, supra,* 380 U.S. at 34, 85 S.Ct. 783; *Tharp, supra,* 754 A.2d at 1253; *Commonwealth v. Puksar,* 559 Pa. 358, 740 A.2d 219, 228 (1999).[4] Moreover, we cannot agree that the procedures set forth in § 1123(a)(2) create a statutory "right" to a non-jury trial. Since Hargraves has not asserted a cognizable right or interest, his equal protection claim fails.

¶ 25 Lastly, the Defender's Association of Philadelphia had filed an *amicus curiae* brief. Therein, it is alleged that Article 1, § 6 is unconstitutional because its enactment violated the rule that "[w]hen two or more amendments shall be submitted they shall be voted upon separately." Pennsylvania Constitution, Article 11, § 1. The *amicus curiae* posits that the proposed amendment to Article 1, § 6 also effectively amended Article 5, § 1, Schedule 16(r)(iii), which provides that in Philadelphia's Municipal Court, "the defendant shall have no right of trial by jury in that court, but he shall have the right of appeal for trial *de novo* including the right to trial by jury to the trial division of the court of common pleas." According to the *amicus curiae,*

> [i]f the Commonwealth has the right to demand a jury trial for a case properly in Municipal Court, the jury trial constitutional ballot measure amended two

constitutional provisions. It amended Article 1, § 6 by granting the Commonwealth the same jury trial right as the defendant and, if the Commonwealth is correct, it amended Article 5, Schedule 16(r)(iii) **by granting the Commonwealth the right to a jury trial in Municipal Court.**

*Amicus Curiae's* brief, at 12 (emphasis added). Also, the *amicus curiae* maintains that there is no legal significance to the fact that the Commonwealth sought to have the case transferred because "for constitutional and policy reasons, all misdemeanor cases in Philadelphia start in Municipal Court." *Id.* at n. 3.

■ ¶ 26 In determining whether the amendment to Article 1, § 6 operated to also amend Article 5, § 1, Schedule 16(r)(iii), "the test to be applied is not merely whether the amendments might touch other parts of the Constitution when applied, but rather, whether the amendments facially affect other parts of the Constitution." *Grimaud v. Commonwealth,* 865 A.2d 835 (Pa.2005).

■ ¶ 27 We disagree with the assertion that the amendment to Article 1 § 6 also amended Article 5, Schedule 16(r)(iii) by granting the Commonwealth the right to a jury trial in Municipal Court. As discussed *supra,* while the right to a jury trial exists for any defendant charged with an offense that carries a punishment of six or more months of incarceration, the ability to partake in a jury trial does not exist in the Municipal Court. Rather, a defendant must either wait to exercise the right after conviction via an appeal to the Court of Common Pleas or petition the court pursuant to Rule 1101 to have the case transferred. Our decision today does not

---

4. And, while 42 Pa.C.S.A. § 1123 provides that "the defendant shall have no right of trial by jury in the municipal court," it does not

specifically deny the Commonwealth the same.

impinge on Article 5, Schedule 16(r)(iii)'s proscription that a defendant may not demand a jury trial in Municipal Court. Moreover, contrary to the *amicus curiae's* position, there *is* legal significance to the fact that the Commonwealth petitioned the court to transfer the case since, in doing so, it attempted to exercise its constitutionally guaranteed right to a jury trial, while being mindful of the fact that Municipal Court is not designed for or equipped to handle jury trials. Since the amendment to Article 1, § 6 did not facially affect Article 5, § 1, Schedule 16(r)(iii), we find no merit to the contention that two amendments were effectuated by a single ballot vote. Accordingly, this argument fails.

¶ 28 In conclusion, we find that the order denying the Commonwealth's petition to transfer Hargraves' case from the Municipal Court to the Court of Common Pleas denied the Commonwealth its constitutionally guaranteed right to a jury trial in this matter. Our decision today is largely premised on the fact that double jeopardy protections warrant this result since the right would be denied if a defendant were acquitted in Municipal court or, if convicted, opted not to appeal. We are, moreover, convinced that it is unlikely that the Commonwealth will exercise this right so frequently as to create an administrative morass, and are equally decided that no defendant could rightly complain about having their case decided by an impartial jury of his peers. As an aside, we note that the obstacle created by 42 Pa.C.S.A. § 1123 exists only in Philadelphia, since that is the only county within this Commonwealth where Municipal Court exists. In all other counties, the Commonwealth without question has the right to a jury trial, regardless of whether the offense is a felony or misdemeanor, because the two tiered system does not exist.[5] It was the decision of the people of Pennsylvania that the Commonwealth has the same right to a jury trial as does a defendant. If Hargraves were correct, in all counties but Philadelphia this right exists without impediment. Of course, once it is understood that a right to a jury trial attaches when one is charged with an offense punishable by six or more months in prison, this impediment becomes only illusory. For the foregoing reasons, the order of July 14, 2004 is reversed.

¶ 29 Order reversed.

---

**5.** Aside from the right to a jury trial guaranteed by Article 1, § 6, Pa.R.Crim.P. 620, "Waiver of Jury Trial", also ensures the right by requiring that the Commonwealth join a defendant's waiver of a jury trial. The amendment to this Rule "embodies the 1998 amendments to [A]rticle 1, § 6 of the Pennsylvania Constitution...." Comment to Rule 620.