OPINION
CHAGARES, Circuit Judge.
Daniel Tai-Nan appeals the District Court’s denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254(a). Because Tai-Nan’s claims are without merit, we will affirm.
I.
Because we are writing solely for the parties, we will only briefly restate the facts. Tai-Nan was arrested for raping his girlfriend’s niece four times between 1989 to 1991, when the victim’s age ranged from 12-14. After his arrest, Tai-Nan entered a plea of nolo contendere before Judge Jackson in the Court of Common Pleas of Philadelphia County to one count of rape of a minor. A pre-sentence report was prepared and a mental health evaluation was performed. The pre-sentence report indicated that Tai-Nan had two prior rape convictions. Judge Jackson reviewed both reports in anticipation of sentencing.
During the sentencing hearing, Tai-Nan informed the court that he was “innocent,” and Judge Jackson permitted him to withdraw his plea. Judge Jackson stated, “I’ll give you any type of trial you choose. You will have a bench trial or a jury trial.” Tai-Nan responded, “You will sit and hear this case, Your Honor? I’ll accept that.” Appendix (App.) 152. The court then stated, “Indicate on the record, so we have no judge shopping, explain to your client he is going to be tried here. We are not having judge shopping.” App. 155. Counsel indicated he would explain this to Tai-Nan.
On May 10, 1994, Tai-Nan was brought before the court for trial. The court stated that “[t]here has to be an extensive colloquy, because at the time he entered the nolo contendere I received a pre-sen-tence and psychiatric examination and I know his entire background. I want him colloquied as to the fact that I have that knowledge.” Counsel indicated that he had cautioned Tai-Nan in this regard and that, nevertheless, Tai-Nan wanted to proceed with a bench trial. The court directed counsel for the Commonwealth to conduct a complete colloquy as to the court’s knowledge of his background and review of the pre-sentence report. The colloquy was conducted, and Tai-Nan proceeded with a bench trial before the court. On May 17, 1994, Tai-Nan was found guilty of four counts of statutory rape, along with related charges. He was sentenced to a total of 81 -¡6 to 163 years imprisonment. Tai-Nan filed a direct appeal with the Pennsylvania Superior Court, which was dismissed on August 31, 1995 for failure to file a brief. Tai-Nan subsequently filed a pro se petition pursuant to Pennsylvania’s Post Conviction Relief Act (PCRA), 42 Pa. Cons.Stat. § 9541, et seq.. The PCRA court reinstated Tai-Nan’s direct appeal rights nunc pro tunc. On June 25, 1999, the Pennsylvania Superior Court affirmed the judgment of sentence. On April 25, 2001, the Pennsylvania Supreme Court also affirmed Tai-Nan’s judgment of sentence. Commonwealth v. Tainan, 564 Pa. 653, 770 A.2d 316 (2001).
*259 On May 2, 2002, Tai-Nan timely filed a pro se PCRA petition, alleging ineffective assistance of counsel in violation of the Sixth Amendment. The PCRA court dismissed the petition, and on April 14, 2004, the Pennsylvania Superior Court affirmed the PCRA court’s dismissal of the petition. Tai-Nan’s subsequent petition for alloca-tur was denied by the Pennsylvania Supreme Court.
In June 2005, Tai-Nan filed a petition for habeas corpus with the District Court pursuant to 28 U.S.C. § 2254(a). On April 27, 2006, a Magistrate Judge submitted a Report and Recommendation to the District Court concluding that habeas relief was not warranted, and, on September 5, 2006, the District Court issued an Order adopting the Report and Recommendation. On May 2, 2007, this Court issued a certificate of appealability on three issues: (1) whether the state trial judge’s failure to recuse himself violated his right to due process; (2) whether this claim is procedurally defaulted; and (3) whether trial counsel was ineffective for failing to request that the trial judge recuse himself. This appeal followed.[1]
II.
Tai-Nan alleged on his direct appeal to the Pennsylvania Superior Court that his counsel had been ineffective for not seeking recusal of Judge Jackson. App. 48. The Superior Court considered and rejected Tai-Nan’s ineffectiveness claim on the merits. See Commonwealth v. Tai-Nan, 583 Pa. 671, 876 A.2d 395 (Pa.2005). Because Tai-Nan’s claim was adjudicated on the merits by the state courts, we will not grant habeas relief unless the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, and does not rest upon an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); Lockyer v. Andrade, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); Bond v. Beard, 539 F.3d 256, 263 (3d Cir.2008).
Tai-Nan argues that his pre-trial and trial counsel was constitutionally ineffective for not requesting that Judge Jackson recuse himself once Tai-Nan requested a bench trial, notwithstanding the court’s warning about “judge shopping.” Tai-Nan contends that such a request was necessary to ensure a fair, unbiased tribunal because Tai-Nan had previously pleaded nolo contendere before Judge Jackson, and, in anticipation of sentencing, Judge Jackson had reviewed the pre-sentence report and mental health evaluation and knew “his entire background.” Tai-Nan further contends that counsel’s failure to object rendered the proceeding fundamentally unfair and the result unreliable, and that the Superior Court’s rejection of this claim was contrary to clearly established federal law, as set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Under the standard established in Strickland v. Washington, in order to show ineffective assistance of counsel, the defendant must first show that counsel’s performance was constitutionally deficient, such that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Id. at 686-87, 104 S.Ct. 2052. Second, the defendant must show that the deficient performance prejudiced the defense such that “counsel’s errors were so serious as to deprive the defendant of a fair trial.” Id. at 687, 104 S.Ct. 2052. Petitioner must be able to show that “there is a reasonable probability that, but for counsel’s unprofessional *260 errors, the result of the proceeding would have been different.” Id.; see also Johnson v. Tennis, 549 F.3d 296, 298 n. 2 (3d Cir.2008). “Review is highly deferential and there is a strong presumption that counsel’s conduct falls within the range of reasonable professionalism.” Johnson, 549 F.3d at 298 n. 2.
Tai-Nan cannot meet the first part of the Strickland test. Reviewing trial counsel’s conduct, it was not objectively unreasonable to decide not to file a motion for recusal. As the Superior Court concluded, “there would have been no merit to a request for recusal,” and thus counsel was not ineffective for failing to seek recusal. The court recounted that (1) trial counsel specifically indicated that he had discussed with Tai-Nan Judge Jackson’s knowledge of Tai-Nan’s pre-sentence report and evaluation; (2) Judge Jackson required a complete colloquy as to Jackson’s knowledge of his entire background in the case; and (3) Tai-Nan waived a jury trial of his own free will, with the knowledge that Judge Jackson had reviewed his pre-sentence report and mental health examination. The Superior Court further found that “counsel had a reasonable basis for not requesting recusal: his client had a repeatedly indicated his desire to go forward with the bench trial, with full knowledge that Judge Jackson was aware of his prior convictions.” Actions of counsel that “might be considered sound trial strategy” do not constitute ineffective assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052; see also Fahy v. Horn, 516 F.3d 169, 204 (3d Cir.2008).
Furthermore, the Superior Court found that there was no reasonable probability that result would have been different but for counsel’s failure to make a recusal motion. Judge Jackson acknowledged his exposure to Tai-Nan’s records, but concluded he was competent to consider this case fairly. Reviewing Tai-Nan’s claim, the Superior Court stated that it would not presume bias on the part of Judge Jackson merely because he was exposed to the presentence report; on the contrary, the court “presume[s] that Judge Jackson acted properly, bound by the oaths of his office and faithful to the requirements of an unprejudiced, unbiased judiciary.” App. 49. Absent allegations of bias, which Tai-Nan has not set forth, the Superior Court refused to presume that Tai-Nan’s trial was tainted by prejudice. See Commonwealth v. Whitmore, 590 Pa. 376, 912 A.2d 827, 833-34 (2006); Commonwealth v. White, 557 Pa. 408, 734 A.2d 374, 384 (1999). This decision was not contrary to clearly established law, as stated in Strickland.[2]
III.
A.
Tai-Nan next argues that Judge Jackson’s refusal sua sponte to recuse himself was sufficient to merit habeas relief. The defendants maintain that this claim was procedurally defaulted. The District Court held that this claim was procedurally defaulted, and we agree.
The Pennsylvania courts held that Tai-Nan waived his recusal claim by failing to raise it with the trial court. The courts *261 grounded their decision in Pennsylvania Rule of Appellate Procedure 302(a), which codified a Pennsylvania rule that “issues not raised in the lower court are waived and cannot be raised for the first time on appeal.” Commonwealth v. Piper, 458 Pa. 307, 328 A.2d 845, 847 (1974). Federal courts will not rule on the merits of a habeas petitioner’s claims “when a state court has found such claims to be procedurally defaulted pursuant to an independent and adequate state procedure rule unless the petitioner shows cause and prejudice for the default.” Kindler v. Horn, 542 F.3d 70, 78 (3d Cir.2008).
Petitioner argues that the courts below erred because “the trial record shows that the recusal issue was twice raised at time of trial by the trial judge on his own initiative,” and the judge “stated unequivocally that he would not transfer the ease to a different judge.” Because Rule 302(a) does not “specify how the issue must be raised in the trial court,” petitioner contends that his failure to “perfectly comply” with Rule 302(a) should not bar him from asserting these claims on habeas review.
Neither party has cited Pennsylvania authority interpreting Rule 302(a). The decision of the Supreme Court in this case, rejecting this argument, as well as additional precedent from the Pennsylvania Supreme Court, appears to militate against Tai-Nan’s interpretation. In Commonwealth v. Whitmore, 590 Pa. 376, 912 A.2d 827 (2006), for example, the Supreme Court of Pennsylvania reviewed the determination of the Superior Court to remove a trial judge in the exercise of its supervisory powers. The court noted that “neither party sought ... recusal, the record for recusal was not developed at the trial court or PCRA court, and [the trial judge] did not have the opportunity to address a motion to recuse himself.” Id. at 832. The court noted that, “the proper practice on a plea of prejudice is to address an application by petition to the judge before whom the proceedings are being tried. He may determine the question in the first instance, and ordinarily his disposition of it will not be disturbed unless there is an abuse of discretion.” Id. at 833. Moreover, a jurist who has made comments indicating potential bias “does not necessarily abuse his or her discretion when he denies a motion” for disqualification. Id.-, Commonwealth v. Travaglia, 541 Pa. 108, 661 A.2d 352, 370 (1995). Thus, although “a defendant is entitled to sentencing by a judge whose impartiality cannot be reasonably questioned”, Commonwealth v. Darush, 501 Pa. 15, 459 A.2d 727, 732 (1983), “whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine confidence in the judiciary” is a decision for the jurist. Commonwealth v. Druce, 577 Pa. 581, 848 A.2d 104, 108 (2004). Under Pennsylvania law, judges are presumed fair and competent, and, when confronted with a recusal demand, “have the ability to determine whether they can rule impartially and without prejudice.” Id. Significantly, “the party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal.” Id.
Tai-Nan produced no evidence in the trial court establishing evidence of bias and made no motion seeking Judge Jackson’s recusal. Because Tai-Nan failed to meet this burden, and, indeed, failed to follow prescribed procedures that would have allowed Judge Jackson to develop the record for recusal and rule on the motion himself, his comments that he would try the case, and would not allow “judge shopping,” are insufficient under Rule 302(a). Accordingly, we agree with the District Court that Tai-Nan’s claim regarding re-cusal was procedurally defaulted.
*262 B.
Because Tai-Nan procedurally defaulted on the recusal claim, he must show “cause and prejudice” to obtain federal review. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Tai-Nan argues that cause was established either because (a) he was never given the option of a bench trial before a different judge; and/or (b) counsel was ineffective for not seeking recusal. We, agree with the District Court that these arguments fail.
As already discussed, the burden is on the party asserting bias to bring a motion for recusal in Pennsylvania. Tai-Nan failed to move for recusal of Judge Jackson, and he does not dispute that the legal claim was available to his counsel at trial. See id. (noting that “cause” is generally characterized as claims not reasonably available to defense or external to defense). Nevertheless, Tai-Nan argues that he was unaware that he had the option to have his case tried by a different judge. Parties are not entitled to the judge of their choice, merely to impartiality. There is no evidence, or claim, that Judge Jackson acted with bias, and we will not presume the existence of such bias here. Finally, as already discussed, Tai-Nan’s independent claim of ineffective assistance of counsel for not seeking recusal fails under Strickland, and thus also fails as “cause” here.
IV.
For the reasons stated, we will affirm the decision of the District Court denying Tai-Nan’s petition for habeas corpus.

. The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

. Tai-Nan also argues that, even without evidence of bias, counsel’s failure to move for recusal constituted "structural” error, and that prejudice may be presumed. Appellant’s argument is without merit. See Bell v. Quintero, 544 U.S. 936, 941, 125 S.Ct. 1636, 161 L.Ed.2d 506 (2005) (distinguishing Conic from Strickland, and explaining that "[t]he fact that respondent had a potentially biased jury may well be a serious trial error. But it is not an error that warrants the per se conclusion that his counsel was constitutionally ineffective.”).